Amy Ramsey (SBN 315981)
Alejandro J. Castro (SBN 316541)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile: 310-553-2165
cemail@ebglaw.com

Attorneys for Defendants
REGENLAB USA LLC, AND
ANTOINE TURZI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHIQUITA BATTLE, an individual,<br>Plaintiff,<br>v.<br>REGENLAB USA LLC, a Delaware limited liability company, ANTOINE TURZI, an individual, and DOES 1 to 20, inclusive,<br>Defendants. | Case No.<br><br>**DEFENDANT REGENLAB USA LLC'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441(B) AND 1441(C)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant RegenLab USA LLC, ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the above captioned action, *Chiquita Battle v. RegenLab USA, LLC; DOES 1 through 20, inclusive*, Case No. 20STCV44334, from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California.

The removal is based on 28 U.S.C. §§ 1331, 1332, 1441(b) and 1441(c), specifically, and on the following grounds:

## I. PROCEDURAL HISTORY

1. On or about November 18, 2020, Plaintiff Chiquita Battle ("Plaintiff") commenced the above-captioned action in the Superior Court of the State of California, County of Los Angeles against Defendant RegenLab USA, LLC ("Defendant"). The Complaint purports to state causes of action for discrimination and wrongful termination in violation of 42 U.S.C 1981, harassment and discrimination in violation of the Fair Employment and Housing Act ("FEHA"), wrongful termination in violation of public policy, intentional infliction of emotional distress, negligent supervision, violation of Labor Code 1198.5, and failure to pay wages following termination of employment.

2. Defendant was notified of this lawsuit when it received a copy of the Summons and Complaint via U.S. Mail sent to its principal place of business in New York on December 10, 2020. *See* Declaration of Antoine Turzi "Turzi Decl.", ¶ 6. True and correct copies of the Summons, Complaint, Civil Cover Sheet, and related papers that Defendant received are attached hereto collectively as Exhibit 1, along with a copy of the Answer that Defendants filed in Superior Court.

Exhibit 1 constitutes all the process and pleadings served upon, or otherwise provided to, any party in the Superior Court action.

## II. FEDERAL QUESTION

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to the United States District Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441 in that it asserts a claim against Defendant which arises under the Constitution, laws, or treaties of the United States.

4. Specifically, Count 3 of the Complaint is brought under 42 U.S.C. § 1981. Because Count 3 of Plaintiffs' Complaint meets the federal question requirement of 28 U.S.C. § 1331, it could have been filed in this Court. Therefore, Defendant may remove it pursuant to 28 U.S.C. § 1441(c). Further, pursuant to 28

U.S.C. § 1367, because the district court has original jurisdiction over this matter, the Court also has supplemental jurisdiction over the other claims, which are related and arise from the same alleged facts and circumstances regarding Plaintiff's employment with and termination from RegenLab USA, as well as Defendants' allegedly improper treatment of Plaintiff based on her race.

## III. DIVERSITY JURISDICTION

5. An additional basis for removal exists. This is a civil action over which the Court also has original jurisdiction under 28 U.S.C. § 1332 because it is a civil action in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) as the action is between citizens of different states.

### A. Citizenship

6. Defendant is informed and believes that Plaintiff was, at the time of filing of this action, and still is, a citizen of the State of California. In her Complaint, she alleges that she has been a resident of Los Angeles County, California at all relevant times. Complaint, ¶ 1. She alleges that Defendant was doing business in Los Angeles County, California at all relevant times. *Id.*, ¶ 2. She further alleges that she was employed by Defendant from August 22, 2018, to July 17, 2020. *Id.*, ¶ 8. In other words, Plaintiff alleges that she was employed by Defendant in Los Angeles County, California, from August 22, 2018, to July 17, 2020. *Id.*, ¶¶ 1-2, 8.

7. The address Plaintiff provided to Defendant in connection with her employment is in Burbank, California. Turzi Decl. ¶ 7. Plaintiff did not notify Defendant of any change to that address at any time during Plaintiff's employment with Defendant. Turzi Decl. ¶ 7.

8. These facts demonstrate that not only does Plaintiff reside in California, but that she is domiciled in California as well. *See, e.g., Park v. Barr*, 946 F.3d 1096, 1098 (9th Cir. 2020) (confirming that domicile requires both a

physical presence and “an intention to remain there indefinitely”) (citation omitted); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) (“The natural person’s state citizenship is then determined by her state of domicile, not her state of residence. A person’s domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.”); *Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir.1986).

9. Defendant is a Delaware limited liability company with its principal place of business in New York. Turzi Decl., ¶ 3. RegenLab USA LLC has a sole member, which is RegenLab SA. RegenLab SA is a Swiss corporation, formed under Swiss law with its principal place of business in Le Mont-sur-Lausanne, Switzerland. Turzi Decl., ¶ 4. As such, Defendant is not a citizen of California.

10. Individual Defendant Antoine Turzi is a citizen of France and resides in Switzerland.

11. Defendant Does 1 through 20, inclusive, are wholly fictitious. The Complaint does not set forth the identity or the status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action. *McCabe v. General Foods Corp.*, 811 F.2d 1339 (9th Cir. 1997); *Hurtle Corporation v. Boeing Company*, 678 F.2d 842 (9th Cir. 1982).

12. Because Defendants are not citizens of California, and Plaintiff is a citizen of California, there is complete diversity in this matter.

**B. <u>Amount In Controversy</u>**

13. Defendant’s notice of removal “need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” Evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, Plaintiff contests, or the Court questions, Defendant’s allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 87-89 (2014).

14. Plaintiff's Complaint does not specify the total amount in controversy. The omission in the Complaint of a specified amount in controversy does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Insurance Company*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to a federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim.").

15. Here, Plaintiff's Complaint alleges an amount in controversy, which though unspecified, is clearly above $75,000. *See* Complaint, *generally*; *see also*; *James v. Childtime Childcare, Inc.*, (E.D. Cal. June 1, 2007, No. CIV.S-06-2676 DFL) 2008 WL 1589543 (it was facially apparent that plaintiff's pregnancy discrimination claim under FEHA met the requisite amount in controversy where damages sought included back pay, emotional distress damages, punitive damages, and attorney's fees); *Yong v. Hyatt Regency Sacramento*, (E.D. Cal., Feb. 9, 2007, No. CIV.06-2257 DFL) 2007 WL 471008 ("[a]lthough the amount in controversy is not facially apparent, it is clear from the nature of Yong's claims for compensatory damages, emotional distress damages, punitive damages, and attorneys' fees that the action seeks relief well above the amount in controversy requirement.").

16. Moreover, Plaintiff also seeks attorneys' fees in her Complaint. Complaint, ¶¶ 17, 34, 51, 56, Prayer for Relief. Attorneys' fees are included in determining the jurisdictional amount. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Goldberg v. C.P.C. International, Inc.*, 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorney's fee may be taken into account to determine jurisdictional amounts.). A court should consider the aggregate of the claims and the value of the claims. *Wolde-Meskal v. Vocational Instruction Project*, 166 F. 3d 59, 62 (2nd Cir. 1999) (the diversity statute confers jurisdiction over the entire action, not just the

specific claims alleged in a complaint, therefore, the claims of a single plaintiff are aggregated to satisfy the amount in controversy).

17. The aggregation of the relief sought and the requested attorney's fees make it more than plausible that the amount in controversy exceeds the $75,000 threshold of 28 U.S.C. § 1332(a).

18. Because the claims and damages sought in Plaintiff's Complaint, the amount in controversy requirement has been met, and this action is removable under 28 U.S.C. §§ 1332 and 1441.

## IV. TIMELINESS OF REMOVAL

19. The Notice of Removal was timely filed in that it was filed within 30 days of Defendant's receipt of the Summons and Complaint and within one (1) year of the filing of the Complaint.

20. No pleadings other than the Summons and Complaint have been served on Defendant, as set forth above.

21. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441(b) and 1441(c).

## V. CONSENT TO REMOVAL BY CO-DEFENDANT

22. Antoine Turzi is the only other Defendant named in this action. Mr. Turzi consents to removal. Turzi Decl., ¶ 8. This representation of consent is sufficient without the separate filing of an individual consent document. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

## VI. VENUE

23. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441, because Plaintiff's state court complaint was filed in a California Superior Court within this District. 28 U.S.C. § 84(c).

///

///

## VII. CONCLUSION

24. Due to the foregoing, removal to the United Stated District Court for the Central District of California in the County of Los Angeles is proper.

DATED: January 8, 2021

EPSTEIN BECKER & GREEN, P.C.

By: */s/ Amy Ramsey*

Amy Ramsey
Alejandro J. Castro

Attorneys for Defendant
REGENLAB USA LLC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3. I served copies of the following documents (*specify the exact title of each document served*):

   - **DEFENDANT REGENLAB USA LLC'S REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441(B) AND 1441(C);**
   - **CIVIL COVER SHEET;**
   - **NOTICE OF PARTIES WITH FINANCIAL INTEREST (CIV. LR 7.1); AND**
   - **DECLARATION OF ANTOINE TURZI.**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| **Richard Lloyd Sherman, Esq.**<br>**Abhay Khosla, Esq.**<br>**Sherman Law Group**<br>**9454 Wilshire Blvd., Suite 850**<br>**Beverly Hills, CA 90212**<br>**T: 310.246.0321**<br>**E: richard@shermanlawgroup.com; abhay@shermanlawgroup.com** | ***Attorneys for Plaintiff***<br>CHIQUITA BATTLE |

5. a. ☒ **Pursuant to the Judicial Council of California's COVID-19 Emergency Rule 12 adopted effective on April 17, 2020**, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

6. I served the documents by the means described in item 5 on (*date*): **January 8, 2021**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/8/21 | Lynne Conner | *Lynne Conner* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |