Electronically FILED by Superior Court of California, County of Los Angeles on 11/18/2020 05:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV44334

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

REGENLAB USA LLC, a Delaware limited liability company;
ANTOINE TURZI, an individual, and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CHIQUITA BATTLE, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER: *(Número del Caso):* 20STCV44334

111 North Hill Street
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard Lloyd Sherman, Esq., 9454 Wilshire Boulevard, Suite 850, Beverly Hills, CA 90212 - (310)246-0321

Sherri R. Carter Executive Officer / Clerk of Court

DATE: *(Fecha)* 11/18/2020     Clerk, by *(Secretario)* C. Monroe , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

Electronically FILED by Superior Court of California, County of    Angeles on 11/18/2020 03:03 PM Sherri R. Carter, Executive    er/Clerk of Court, by C. Monroe, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ─Richard Lloyd Sherman (SBN #106597)<br>Abhay Khosla (SBN #223555)<br>Sherman Law Group, A Professional Corporation<br>9454 Wilshire Boulevard, Suite 850, Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 246-0321   FAX NO.: (310) 246-0305<br>ATTORNEY FOR (Name): Plaintiff CHIQUITA BATTLE | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Stanley Mosk Courthouse
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

CASE NAME:
CHIQUITA BATTLE, an individual v. REGENLAB USA LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV44334<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☑ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 7
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: November 18, 2020
Richard Lloyd Sherman, Esq.
(TYPE OR PRINT NAME)                                                    ▶ *Richard* _____
                                                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                                     Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE: CHIQUITA BATTLE v. REGENLAB USA LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I**. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 5 ___ ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT 1

| SHORT TITLE: CHIQUITA BATTLE v. REGENLAB USA LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☑ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Page 5

Local Rule 2.0
Page 2 of 4
EXHIBIT 1

| SHORT TITLE: CHIQUITA BATTLE v. REGENLAB USA LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment | 2., 9. |
| | | ☐  A6160  Abstract of Judgment | 2., 6. |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐  A6121  Civil Harassment | 2., 3., 9. |
| | | ☐  A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190  Election Contest | 2. |
| | | ☐  A6110  Petition for Change of Name | 2., 7. |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
Page 6

Local Rule 2.0
Page 3 of 4
EXHIBIT 1

| SHORT TITLE:<br>CHIQUITA BATTLE v. REGENLAB USA LLC, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1200 W. Riverside Drive, #214 |
|---|---|
| CITY:<br>Burbank | STATE:<br>CA | ZIP CODE:<br>91506 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _November 18, 2020_

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Angeles on 11/18/2020 05:02 PM Sherri R. Carter, Executive ___r/Clerk of Court, by C. Monroe,Deputy Clerk
20STCV44334

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Keosian

1 | RICHARD LLOYD SHERMAN, ESQ. (State Bar No. 106597)
ABHAY KHOSLA, ESQ. (State Bar No. 223555)
2 | **SHERMAN LAW GROUP**
9454 Wilshire Boulevard, Suite 900
3 | Beverly Hills, California 90212-2929
Telephone:    (310) 246-0321
4 | Facsimile:    (310) 246-0305

5 | Attorneys for Plaintiff **CHIQUITA BATTLE**

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

11 | **CHIQUITA BATTLE,** an individual,         CASE NO.   20STCV44334

12 |                            Plaintiff,    **COMPLAINT FOR:**

13 |                 v.                        1. HARASSMENT AND DISCRIMINATION
                                                IN VIOLATION OF FAIR EMPLOYMENT
14 | **REGENLAB USA LLC,** a Delaware limited      AND HOUSING ACT
liability company; **ANTOINE TURZI,** an
15 | individual, and DOES 1 through 20,        2. WRONGFUL TERMINATION IN
inclusive,                                    VIOLATION OF PUBLIC POLICY
16 |
                           Defendants.       3. DISCRIMINATION IN VIOLATION OF 42
17 |                                             U.S.C. 1981

18 |                                          4. INTENTIONAL INFLICTION OF
                                                EMOTIONAL DISTRESS
19 |
                                             5. NEGLIGENT SUPERVISION
20 |
                                             6. VIOLATION OF LABOR CODE  §1198.5.
21 |
                                             7. FINAL PAYCHECK VIOLATION
22 |

23 |        Plaintiff CHIQUITA BATTLE hereby alleges as follows:

24 |                              **PARTIES**

25 |        1.    At all relevant times, Plaintiff Chiquita Battle ("***Plaintiff***" or "***Ms. Battle***") was and is an

26 | individual residing in Los Angeles County, California.

27 | ///

28

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California  90212

1

**COMPLAINT**

2.   At all relevant times mentioned herein, defendant RegenLab USA LLC (hereafter referred to as "*RegenLab*" or the "*Company*") was and is a limited liability company duly organized and existing under the laws of the State of Delaware doing business in the State of California.

3.   At all relevant times mentioned herein, defendant Antoine Turzi ("*Turzi*") was and is an individual doing business in the State of California.

4.   The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1 through 20, inclusive ("*DOE Defendants*"), are unknown at this time, and said DOE Defendants are therefore sued by such fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

5.   Plaintiff is informed and believes and on such information and belief alleges that the DOE Defendants, and each of them, are in some manner responsible for the acts and omissions hereinafter alleged and a legal cause of the damages suffered by Plaintiff that are hereinafter alleged.  Plaintiff is further informed and believes and on such information and belief alleges that in acting or omitting to act as hereinafter alleged the DOE Defendants, or one or more of them, were the agents,  servants and employees of one or more of the named defendants, acting or omitting to act within the course and scope of their authority as such agent(s), servant(s) and/or employee(s). Defendants RegenLab, Turzi, and the Doe Defendants are collectively referred to herein as "*Defendants*."

### FIRST CAUSE OF ACTION – HARASSMENT AND DISCRIMINATION
### IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT
*(Against All Defendants)*

6.   Plaintiff re-alleges and incorporates herein by reference as though set forth specifically herein the allegations contained in paragraphs 1 through 5.

7.   Pursuant to the California Fair Employment and Housing Act, *California Government Code* section 12940 ("*Section 12940*"), it is an unlawful employment practice for an employer to harass and/or discriminate against an employee based on their color, gender or race.

/ / /

8.   Ms. Battle was a Clinical Specialist for RegenLab between August 22, 2018 and July 17, 2020. During her employment, Ms. Battle was subjected to a hostile work environment which was created by Turzi and his constant and ongoing misconduct directed towards female employees, which included his "pinching" women and his describing women as being "animals."

9.   Significantly, Ms. Battle was further subjected to a racially hostile workplace, as well, with Mr. Turzi (who was not significantly involved in Ms. Battle's hiring) making offensive remarks about Ms. Battle's race, including saying that her African American features made her "ugly," that Ms. Battle could not be permitted to be the "face of the company" because of her race, and on at least one occasion, saying that *black people are all useless scum.*"

10.   Ms. Battle suffered severe emotional distress as a result of the foregoing, but remained a dedicated employee regardless because she relied upon her work to support her family (including her three children).  Nevertheless, she was terminated in July 2020, and upon information and belief, Plaintiff alleges that she was singled out and terminated based upon her color, race and gender.

11.   Accordingly, and on or about November 16, 2020, within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing ("**DFEH**") in full compliance with this section, and received a "Right to Sue" letter which is attached hereto as **EXHIBIT "A"**.

12.   At all relevant times, in taking the above-referenced actions, Defendants were motivated by an animosity towards her color, race and/or gender, in contravention of Section 12940. Defendants have thus violated Plaintiff's civil rights and violated Section 12940 when they subjected her to discrimination and harassment.

13.   Because of and as a direct, legal and proximate result of Defendants' unlawful acts, practices, and omissions, Plaintiff has suffered and continues to suffer humiliation, mental anguish, physical and emotional distress, anxiety, embarrassment, panic attacks, and loss of enjoyment of life in an amount that will be proven at trial.  Plaintiff claims such amount as damages together with pre-judgment interest.

///

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

3

COMPLAINT

Page 10

EXHIBIT 1

14.     Plaintiff has further suffered irreparable harm to her reputation, in amounts that will be proven at trial.  Plaintiff has also suffered monetary damages including lost income and lost career opportunities.  Plaintiff has suffered further general and special damages in sums according to proof. Plaintiff anticipates claiming such amount as damages at trial, together with pre-judgment interest.

15.     The unlawful acts and practices of Defendants as alleged herein were reckless and willful, caused great physical and emotional harm to Plaintiff, and were carried out by Defendants intentionally, and with malice, fraud and oppression and in conscious disregard of Plaintiff's rights. The misconduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge of Defendants' officers, directors and/or managing agents, and were authorized, ratified and/or committed by the officers, directors and/or managing agents of the Defendants.

16.     As a result of Defendants' intentional, vexatious, fraudulent, oppressive, despicable and malicious conduct, and conscious disregard for Plaintiff's rights, Plaintiff is entitled to recover punitive/exemplary damages sufficient to punish Defendants and to serve as an example to deter them from similar conduct in the future.  Plaintiff claims such amounts as damages together with pre-judgment interest.

17.     Plaintiff is thus further entitled to seek and recover reasonable attorneys' fees and costs including pursuant to *California Government Code* section 12965(b).

## SECOND CAUSE OF ACTION – WRONGFUL TERMINATION
## IN VIOLATION OF PUBLIC POLICY

*(Against RegenLab USA LLC and DOES 1 through 20, inclusive)*

18.     Plaintiff re-alleges and incorporates herein by reference as though set forth specifically herein the allegations contained in paragraphs 1 through 17.

19.     At all relevant times, there existed fundamental and established California public policies as codified by the case law and statute, including but not limited to the FEHA [*California Government Code §12940 et seq.*]

/ / /

20.   As set forth hereinabove, Plaintiff was employed by Defendants beginning on or about August 22, 2018, until on or about July 17, 2020, when she was fired as a result of the discrimination she suffered while employed by the Defendants based upon her color, race and/or gender, and the intolerable working conditions created thereby, including because of Plaintiff being treated differently in the terms and conditions of her employment as compared to non-Black and/or non-female employees.

21.   Defendants violated public policy in connection with the termination of Plaintiff's employment, including the public policies set forth by statutes including the FEHA.

22.   Because of and as a direct, legal and proximate result of Defendants' unlawful acts, practices, and omissions, Plaintiff has suffered and continues to suffer humiliation, mental anguish, physical and emotional distress, anxiety, embarrassment, panic attacks, and loss of enjoyment of life in an amount that will be proven at trial.  Plaintiff claims such amount as damages together with pre-judgment interest.

23.   Plaintiff has further suffered irreparable harm to her reputation, in amounts that will be proven at trial. Plaintiff has also suffered monetary damages including lost income and lost career opportunities.  Plaintiff has suffered further general and special damages in sums according to proof. Plaintiff thus anticipates claiming such amount as damages at trial, together with pre-judgment interest.

24.   The unlawful acts and practices of Defendants as alleged herein were reckless and willful, caused great physical and emotional harm to Plaintiff, and were carried out by Defendants intentionally, and with malice, fraud and oppression and in conscious disregard of Plaintiff's rights. The misconduct on which punitive damages is alleged, as described hereinabove, was done with the advance knowledge of Defendants' officers, directors and/or managing agents, and were authorized, ratified and/or committed by the officers, directors and/or managing agents of the Defendants.

///

1     25.    As a result of Defendants' intentional, vexatious, fraudulent, oppressive, despicable and

2   malicious conduct, and conscious disregard for Plaintiff's rights, Plaintiff is entitled to recover

3   punitive/exemplary damages sufficient to punish Defendants and to serve as an example to deter them

4   from similar conduct in the future.  Plaintiff claims such amounts as damages together with pre-

5   judgment interest.

6     **THIRD CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF 42 U.S.C. 1981**

7     *(Against RegenLab USA LLC and DOES 1 through 20, inclusive)*

8     26.    Plaintiff re-alleges and incorporates herein by reference as though set forth specifically

9   herein the allegations contained in paragraphs 1 through 25.

10     27.    42 U.S.C. §1981 ("***Section 1981***") provides that all persons within the jurisdiction of the

11   United States "*shall have the same right in every State ... to make and enforce contracts... and to the*

12   *full and equal benefit of all laws ... as is enjoyed by white citizens.*"  This statute thus creates an

13   independent remedy against racial discrimination in employment.

14     28.    Section 1981 applies to all employers, private employers as well as state and local public

15   employers. *See,* Section 1981(c).

16     29.    As set forth above, while employed by the Defendants, Plaintiff was subjected to

17   discrimination based upon her race (African-American), and was treated differently than the white

18   employees in the terms and conditions of her employment. Said discrimination ultimately culminated

19   in Defendants terminating her employment on or about July 17, 2020.

20     30.    As a proximate result of Plaintiff's wrongful termination,  Plaintiff has suffered and

21   continues to suffer humiliation, mental anguish, physical and emotional distress, anxiety, panic attacks,

22   embarrassment, and loss of enjoyment of life in an amount that will be proven at trial.  Plaintiff claims

23   such amount as damages together with pre-judgment interest.

24     31.    Plaintiff has further suffered irreparable harm to her reputation, in amounts that will be

25   proven at trial.  Plaintiff has suffered further general and special damages in sums according to proof.

26     32.    Furthermore, Plaintiff has suffered and will suffer monetary damages including lost

27   income and lost career opportunities.  Plaintiff thus anticipates claiming such amount as damages at

28   trial, together with pre-judgment interest.

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

33.    The unlawful acts and practices of Defendants as alleged herein were reckless and willful and caused great harm to Plaintiff.  Given Defendants' intentional, vexatious, fraudulent, oppressive, despicable and malicious conduct, and conscious disregard for Plaintiff's rights, Plaintiff is entitled to recover punitive/exemplary damages sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future, should be made.  Plaintiff's claim such amount as damages together with pre-judgment interest.

34.    Plaintiff is further entitled to attorneys fees and such other relief as is necessary to place Plaintiff in the same position that she would have occupied absent discrimination.  See, 42 U.S.C. §1988(b) & (c).

## FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*(Against All Defendants)*

35.    Plaintiff re-alleges and incorporates herein by reference as though set forth specifically herein the allegations contained in paragraphs 1 through 34.

36.    Defendants enjoyed a position of power over Plaintiff as her employer, but knowingly, recklessly, and intentionally injured Plaintiff by waging a severe campaign of hostility and harassment directed towards the Plaintiff, until her termination on July 17, 2020.

37.    Said campaign included unjustified negative criticisms of Plaintiff's job performance, harassment of the Plaintiff which went far beyond ordinary job criticisms or disagreements in philosophy, making racially disparaging comments, and ultimately, terminating Plaintiff's employment.

38.    Upon information and belief, Plaintiff alleges that at all relevant times, Defendants took actions in order to and with the intent to cause her emotional distress.

39.    Despite the fact that Plaintiff's superiors were made aware of the unlawful behavior of Turzi, Defendants did nothing to stop the campaign to inflict emotional distress upon the Plaintiff, nor to remedy the situation, thereby ratifying, condoning, and joining the tormenting of Plaintiff.

/ / /

40.   By reason of Defendants' unlawful acts, practices, and omissions, Plaintiff has suffered humiliation, mental anguish, and physical and emotional distress, in an amount subject to proof at trial. Plaintiff claims such amount as damages together with pre-judgment interest.

41.   The unlawful acts and practices of Defendants as alleged herein were reckless and willful and caused great physical and emotional harm to Plaintiff.  Given such intentional, vexatious, fraudulent, oppressive, despicable and malicious conduct, and conscious disregard for Plaintiff's rights, Plaintiff is entitled to recover punitive/exemplary damages sufficient to punish Defendants and to serve as an example to deter Defendants from similar conduct in the future, should be made. Plaintiff claims such amount as damages together with pre-judgment interest.

### FIFTH CAUSE OF ACTION – NEGLIGENT SUPERVISION

*(Against RegenLab USA LLC and DOES 1 through 20, inclusive)*

42.   Plaintiff re-alleges and incorporates herein by reference as though set forth specifically herein the allegations contained in paragraphs 1 through 43.

43.   Defendants had actual and/or constructive notice that Plaintiff's superiors, including Antoine Turzi, was creating a hostile work environment at the Company for the Plaintiff, among others.

44.   Defendants negligently failed to determine whether the Company was adhering to relevant state and federal laws, including Section 1981 and the FEHA.  Said failure resulted in the creation and operation of a hostile work environment, devoid of any protections for the Plaintiff.

45.   Defendants owed Plaintiff a duty (including, *inter alia,* under the FEHA) to protect her in the workplace from unlawful harassment and discrimination.  Defendants knew and/or should have known that the failure to supervise its employees, including Antoine Turzi, or to investigate the conduct of such employees would subject persons like the Plaintiff to an unreasonable risk of being unlawfully harassed, victimized and exploited within a racially and sexually  hostile work environment.

/ / /

46.     Defendants breached their duty of care to the Plaintiff in hiring training, and/or supervising its employees, including Antoine Turzi, and as a direct and proximate result of such negligence, Plaintiff has suffered and continues to suffer damages, including lost earnings and benefits, severe emotional distress, humiliation, stress, anxiety, mental anguish and embarrassment in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION – VIOLATION OF CALIFORNIA LABOR CODE §1198.5

*(Against RegenLab USA LLC and DOES 1 through 20, inclusive)*

47.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint, as though fully set forth herein.

48.     *Labor Code* §1198.5 (*"**Section 1198.5**"*) entitles current and former employees to review their personnel files and records, including but not limited to notes, documents and other materials that may have been used for and/or relate to such things as determining the employee's termination or other disciplinary action.  Notes, documents and other materials relating to the purported reasons for any disciplinary action taken against an employee, including termination of employment, constitute personnel files and records.

49.     Defendants have violated and continue to violate Plaintiff's rights under Section 1198.5. Among other things, beginning on or about September 1, 2020, Plaintiff requested copies of her personnel file, but Defendants ignored and failed to respond to her requests, and refused to comply. Moreover, Defendants failed and refused to confirm that nothing had been removed, added or redacted from Plaintiff's personnel file, despite Plaintiff's request therefor.

50.     Based upon Defendants' disregard for Plaintiff's rights, injunctive relief is thus warranted pursuant to Section 1198.5 to (a) promptly provide Plaintiff with all files and records relating to Plaintiff, as required to be provided under Section 1198.5, (b) to state in writing and under oath that Plaintiff has been provided with all files and records relating to Plaintiff required to be maintained under Section 1198.5; (c) prohibiting Defendants from "redacting" or failing to provide any files or records required to be provided under Section 1198.5, and (d) to state in writing and under oath why it failed to provide Plaintiff with files and records required under Section 1198.5.

/ / /

51.   As a further direct, legal and proximate result of Defendants' misconduct, Plaintiff has incurred reasonable attorney's fees in this action and seeks attorney's fees and costs, in an amount according to proof, including pursuant to Section 1198.5(l).

### SEVENTH CAUSE OF ACTION – FINAL PAYCHECK VIOLATION

*(Against RegenLab USA LLC and DOES 1 through 20, inclusive)*

52.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this Complaint, as though fully set forth herein.

53.   *Labor Code* §§201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits. *Labor Code* §203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits: "*the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.*"

54.   On or about July 17, 2020, Plaintiff's employment was abruptly terminated by the Defendants.   Thereafter, Defendants failed and continue to fail to pay Plaintiff for all wages and earned compensation due and/or to reimburse her for expenses she incurred.   Said amounts  are due and owing.

55.   Said failure to pay wages was willful and intentional in that Defendants refused to pay said amounts despite knowing that Plaintiff is owed therefor.   Accordingly, Plaintiff is entitled to the relevant penalties set forth in *Labor Code* § 203 *i.e.* a waiting time penalty which is Plaintiff's daily rate as of July 17, 2020 for a period of not more than 30 days; said penalties are also due and owing.

56.   Plaintiff has incurred, and during the pendency of this action will continue to incur, expense for attorney's fees and costs herein.   Plaintiff respectfully requests that the court award attorney's fees and costs in an amount according to proof pursuant to *Labor Code* §1194(a).   Plaintiff is further entitled to interest pursuant to *Labor Code* §218.6.

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages, including lost wages and employment benefits, according to proof;

2.    For general and special damages, including damages for emotional distress, lost business opportunities, and harm to reputation, according to proof;

3.    For punitive and exemplary damages, according to proof;

4.    For reasonable attorney's fees and costs of suit including pursuant to the relevant provisions of the California Fair Employment and Housing Act [including *California Government Code* §12965(b)], *Labor Code* §1194 and §1198.5(l) and 42 U.S.C. §1988;

5.    For injunctive relief in the form of, among other things, preliminary and permanent injunctions including but not limited to the injunctive relief that Plaintiff has specifically requested above in connection with the Sixth Cause of Action of her Complaint;

6.    For an order for Defendants to pay Plaintiff all unpaid wages due and owing, plus a statutory waiting time penalty under *Labor Code* §203, in an amount according to proof;

7.    For costs of suit incurred herein;

8.    For interest at the maximum rate allowed by law (including pursuant to *California Labor Code* §218.6);  and

9.    For such other relief as may be just.

DATED: November 16, 2020              **SHERMAN LAW GROUP**

By: *Richard*               
                    RICHARD LLOYD SHERMAN, ESQ.
                    Attorneys for Plaintiff CHIQUITA BATTLE

N:\DOCS\1942-2 Chaquita Battle v. Regen Lab, USA\Pleadings\Complaint vers. 2.wpd

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

Page 18[11]

COMPLAINT

EXHIBIT 1

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 16, 2020

Chiquita Battle
c/o Sherman Law Group, 9454 Wilshire Blvd., Ste. 850
Beverly Hills, California 90212

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202011-11822316
       Right to Sue: Battle / RegenLab USA LLC et al.

Dear Chiquita Battle:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 16, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/18/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV44334 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Gregory  Keosian | 61 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/19/2020
      (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

The following parties stipulate:

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____  ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 3 of 3

Page 26                                      EXHIBIT 1

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE)                                       (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)
Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)
Date:

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

_____          > _____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11       **STIPULATION – EARLY ORGANIZATIONAL MEETING**        Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT 1

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

The following parties stipulate:

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

Date: _____
          (TYPE OR PRINT NAME)

⮞ _____
          (ATTORNEY FOR PLAINTIFF)

⮞ _____
          (ATTORNEY FOR DEFENDANT)

⮞ _____
          (ATTORNEY FOR DEFENDANT)

⮞ _____
          (ATTORNEY FOR DEFENDANT)

⮞ _____
          (ATTORNEY FOR _____ )

⮞ _____
          (ATTORNEY FOR _____ )

⮞ _____
          (ATTORNEY FOR _____ )

THE COURT SO ORDERS.

Date: _____

_____
          JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

EXHIBIT 1

---

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
  Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

   - JAMS, Inc.: Case Manager (213) 253-9776  mdawson@jamsadr.com
   - Mediation Center of Los Angeles: Case Manager: (833) 476-9145  info@mediationLA.org

  These organizations cannot accept every case and they may decline cases at their discretion.
  Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
  NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
  https://wdacs.lacounty.gov/programs/drp/
   - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   - Free or low-cost mediations before the day of trial for these and other case types.
   - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
     http://www.lacourt.org/division/smallclaims/odf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

**Los Angeles Superior Court ADR website:** www.lacourt.org/division/civil/settlement
**For general information** and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

   Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

   Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

   The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

1     d)  Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5   3)  **EXEMPT LITIGANTS**

6     a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7        from mandatory electronic filing requirements.

8     b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9        Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10        from filing documents electronically and be permitted to file documents by conventional

11        means if the party shows undue hardship or significant prejudice.

12   4)  **EXEMPT FILINGS**

13     a)  The following documents shall not be filed electronically:

14        i)      Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15                Civil Procedure sections 170.6 or 170.3;

16        ii)     Bonds/Undertaking documents;

17        iii)    Trial and Evidentiary Hearing Exhibits

18        iv)    Any ex parte application that is filed concurrently with a new complaint including those

19                that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)      Documents submitted conditionally under seal. The actual motion or application shall be

21                electronically filed. A courtesy copy of the electronically filed motion or application to

22                submit documents conditionally under seal must be provided with the documents

23                submitted conditionally under seal.

24     b)  Lodgments

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26   paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27   //

28   //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b)  The table of contents for any filing must be bookmarked.

c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

i)    Depositions;

ii)   Declarations;

iii)  Exhibits (including exhibits to declarations);

iv)  Transcripts (including excerpts within transcripts);

v)   Points and Authorities;

vi)  Citations; and

vii) Supporting Briefs.

e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f)  Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g)  Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

   Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

   If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

   Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

   a) Filed Date

      i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

      ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                    

11                                         KEVIN C. BRAZILE
                                           Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28